UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVO ADOLFO GARCIA CORTEZ,

Petitioner,

v.

TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Dept. of Homeland Security; DAVID J. VENTURELLA, ICE Acting Director; RUBEN LEYVA, Acting Director of the Salt Lake City Field for ICE Enforcement and Removal Operations; JOHN MATTOS, Warden of Nevada Southern Detention Center,

Respondents.

Case No. 2:26-cv-01733-ART-DJA

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 9)

Petitioner Gustavo Adolfo Garcia Cortez has been detained in ICE custody since April 15, 2026, without an opportunity to seek release on bond. (ECF No. 9.) He brings this habeas petition (ECF No. 9) against Respondents to challenge his detention. The Court now grants his petition for habeas corpus and orders Respondents to provide a constitutionally adequate bond hearing.

**I. Background**

Petitioner, a Guatemalan national, entered the United States without inspection in 2006. (ECF No. 9 at 1.) He moved to Los Angeles, California, where he married a United States citizen and fathered two daughters. (*Id.*) Petitioner was convicted of two California misdemeanors in 2022. (*Id.*) After a short custodial sentence, he moved to Las Vegas, where he remains today. (*Id.*)

Two years later, Petitioner was convicted of two offenses in Nevada State Court, Possession of Stolen Vehicle, in violation of NRS 205.273, and Conspiracy to Commit Robbery in violation of NRS 200.380, 199.480. (ECF No. 9-2 at 4.) He

was paroled from state custody and immediately detained by Immigration and Customs Enforcement (ICE) on April 15, 2026. (ECF No. 9 at 2.) ICE did not provide Petitioner with an initial custody determination upon his arrest, and has not provided him with a bond hearing before an Immigration Judge (IJ) in the nearly four months since he was detained. (*Id.*)

Before the Court is Petitioner's Cortez's petition for writ of habeas corpus, alleging that his ongoing detention is in violation of the Constitution. He argues that he is detained under Respondents' discretionary authority under 8 U.S.C. § 1226(a) and therefore 1) he has been detained absent a pre-deprivation hearing in violation of substantive and procedural due process, and 2) he is entitled to a constitutionally adequate bond hearing. (*Id.*) He requests either immediate release for the violation of the Due Process Clause, or in the alternative, a bond hearing in front of an IJ under § 1226(a) at which the government bears the burden of proving he is a flight risk or danger to the community by clear and convincing evidence. (*Id.* at 13.)

## II. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. Analysis

### A. Petitioner is Not Subject to Mandatory Detention Under Section 1226(c)(1)(B)

In their brief, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) of the Immigration and Nationality Act ("INA") because he was convicted of multiple crimes of moral turpitude that would render him deportable under § 1227(a)(2)(A)(ii).[1] Section 1226(c)(1)(B) provides that "The [Secretary] shall take into custody an alien who . . .is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Section 1227(a)(2)(A)(ii) states that a noncitizen "who at any time after admission is convicted of two or more crimes involving moral turpitude … is deportable." 8 U.S.C. § 1227(a)(2)(A)(ii). Referring to these sections, Respondents' brief in opposition to the Petition states:

> Section 1226(c)(1)(B) requires mandatory detention if a noncitizen commits an offense that would render him removable under Section 1227(a)(2)(A)(ii). In turn, Section 1227(a)(2)(A)(ii) renders an alien deportable if, at any time after admission, the alien is convicted of multiple crimes involving moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(ii).

(ECF No. 11 at 4.) After describing Petitioner's convictions, Respondents brief reiterates that he is "subject to mandatory detention under 8 U.S.C. 1226(c)(1)(B)." (*Id.*)

Petitioner argues that (1) Respondents are estopped from arguing that he is subject to mandatory detention under § 1226(c)(1)(B) because the Government never charged him as removable under any of the provisions in § 1226(c) and

[1] At the hearing, Respondents confirmed that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2)(A), acknowledging the former does not apply and the latter is foreclosed by the Ninth Circuit's holding in *Rodriguez-Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026).

instead charged that Petitioner was inadmissible because he was not admitted or paroled and lacked valid documentation. (ECF No. 12 at 2, citing Notice to Appear at ECF No. 9-2 at 9); (2) Petitioner is inadmissible, and not deportable, as required by § 1227(a)(2)(A)(ii) (ECF No. 12 at 3); and the crimes of which he is convicted are not crimes of moral turpitude (*Id.* at 4-6).

At the hearing, Respondents disclaimed any argument that Petitioner is subject to mandatory detention under § 1226(c)(1)(B), instead, as discussed below, pivoting to a new ground for mandatory detention. Respondents assert that because the I-213 listed Petitioner's convictions, those convictions were the basis for detention. While the I-213 does not indicate the basis for detention, it does state that the "Basis for ICE charges" is that Petitioner was not admitted or paroled and lacked valid documentation. (ECF No. 9-2 at 4 referring 8 U.S.C. §§ 11821182(a)(6)(A)(i) and (a)(7)(A)(i)). The Notice to Appear and IJ's order repeat that Petitioner's inadmissibility on these grounds is the basis for removal. (ECF No. 9-2 at 9 (NTA) and at 10 (IJ order).) These record documents confirm that Petitioner is inadmissible, not deportable. *See Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1055 (9th Cir. 2010) ("An inadmissible alien is one who was not admitted legally to the United States and is removable under § 1182, whereas a deportable alien is in the United States lawfully and is removable under § 1227."). Because Petitioner is inadmissible, not deportable, neither § 1226(c)(1)(B) nor § 1227 apply to him.

Further, because Respondents abandoned their argument for mandatory detention under § 1226(c)(1)(B), the Court declines to analyze Petitioner's convictions under that that provision and 8 U.S.C. § 1227(a)(2)(A)(ii).

Therefore, the Court finds that Respondents have not established that Petitioner is removable under § 1226(c)(1)(B) as argued in their brief.

**B. Respondents Cannot Raise New Grounds for Removal at Hearing**

At the hearing, Respondents argued for the first time that Petitioner is in

fact mandatorily detained under § 1226(c)(1)(A), which applies to individuals inadmissible "by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C § 1226(c)(1)(A). Respondents conceded at the hearing that their brief neither mentions nor analyzes § 1182(a)(2) or § 1226(c)(1)(A).[2]

It is a fundamental principle of the adversary process that "arguments made for the first time at oral argument are deemed waived." *Stockton v. Brown*, 152 F.4th 1124, 1143 (9th Cir. 2025), cert. denied, No. 25-606, 2026 WL 1203416 (U.S. May 4, 2026). Petitioner can only be expected to prepare a reply on the basis of Respondents' briefing, which did not sufficiently put Petitioner on notice of Respondents' new line of reasoning. Therefore, the Court finds that Respondents have waived their argument that Petitioner is mandatorily detained under § 1226(c)(1)(A).

Respondents did not address any of Petitioner's arguments that he is entitled to a pre-deprivation hearing or a bond hearing under the Due Process Clause nor the INA. The Court may find that Respondents' failure to respond to either argument as another waiver. *See United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding "the U.S. Attorney waived [an] argument by failing to address it in his answering brief"); LR 7-2(d) (failure of opposing party to file points and authorities in response to motion constitutes consent to granting of the motion). Therefore, the Court grants Petitioner's habeas petition and orders a constitutionally adequate bond hearing before an IJ.

## IV. Conclusion

It is therefore ordered that Petitioner's writ of habeas corpus (ECF No. 9) is GRANTED.

---

[2] This omission cannot be attributed to typographical error. Respondents' brief explicitly relies on § 1226(c)(1)(B) and § 1227(a)(2)(A)(ii). (ECF No. 11 at 4.) There is no mention of § 1182 or § 1226(c)(1)(A) anywhere in their brief.

It is further ordered that Respondents shall provide Petitioner with a constitutionally adequate bond hearing by October 2, 2026.

If a bond hearing is not provided by October 2, 2026, Petitioner is to be immediately released from custody.

It is further ordered that the parties must file a joint status report within ten (10) days of providing Petitioner with a bond determination hearing.

It is further ordered that if bond is denied, Respondents must: 1) attach the order of the immigration court to the joint status report and 2) provide the contemporaneous record of the bond hearing to Petitioner immediately upon request.

Dated this 21st day of September, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE